*TKM*

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

2008 JUN 23 AM 8 52

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Magistrate Case No._____ **'08 MJ 19 3 0** |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Antonio MEDINA,** ) | Attempted Entry After |
| ) | Deportation |
| Defendant. ) | |
| ) | |

The undersigned complainant being duly sworn states:

On or about **June 22, 2008**, within the Southern District of California, defendant **Antonio MEDINA**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **23rd** DAY OF **June, 2008**.

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On June 22, 2008 at approximately 4:10 PM, **Antonio MEDINA (Defendant)** applied for admission to the United States from Mexico at the **Otay Mesa Port of Entry** via the pedestrian primary lanes. Defendant presented a photo-altered Certificate of Naturalization (Form N-550) bearing the name Gustavo GONZALEZ Huerta to a Customs and Border Protection (CBP) Officer. The primary CBP Officer queried the information contained on the N-550 which resulted in an automated computer generated referral. Defendant was subsequently escorted to secondary for further inspection.

In secondary, Defendant orally declared himself to be a United States citizen by virtue of naturalization and stated he was going to Los Angeles, California. Defendant's fingerprints were queried through the Integrated Automated Fingerprint Identification System (IAFIS) revealing Defendant's true identity and linking him to Immigration and FBI records.

Queries through the Immigration Central Index System and the Deportable Alien control System found Defendant was ordered deported from the United States on August 28, 1996 and physically removed from the United States through the Otay Mesa, California Port of Entry on August 29, 1996. Immigration service records contain no evidence Defendant has applied for or received permission by the Attorney General or the Secretary of Homeland Security to legally reenter the United States.